JOHN T. LANDAHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Landahl v. Commissioner
Docket No. 4694-79.
United States Tax Court
T.C. Memo 1980-461; 1980 Tax Ct. Memo LEXIS 125; 41 T.C.M. (CCH) 189; T.C.M. (RIA) 80461; October 14, 1980, Filed John T. Landahl, pro se. Jeannette A. Cyphers, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, *126 Judge: Respondent determined a deficiency in the amount of $221 in petitioner's Federal income tax for 1977. Concessions having been made, the issues for decision are: 1. Whether expenses in the amount of $978 incurred by petitioner during 1977 for tuition and educational supplies are deductible; and 2. Whether petitioner is entitled to a depreciation deduction of $187 for his sailboat in 1977. FINDINGS OF FACT Petitioner John T. Landahl was a legal resident of Seattle, Washington, when he filed his petition. He filed his Federal income tax return for 1977 with the Internal Revenue Service Center, Ogden, Utah. 1. Educational Expense
In 1973, petitioner established Dolphin Enterprises, a sole proprietorship, in order to carry out consulting contracts as a freelance ecologist specializing in population and environmental education. Petitioner also used Dolphin Enterprises to reprint, publicize, and sell environmental educational materials by direct mail. Since 1974, petitioner has not performed any consulting work. He declined to bid for an ecological studies project offered by the National Oceanographic and Atmospheric Administration in 1977. The materials *127 disseminated by petitioner consist of materials originally developed by the State of Washington. Because the State lacked funds to reprint the materials, petitioner reprinted them privately and offered them for sale. In 1973, petitioner received a master of science degree in zoology from the University of Washington (the university). In 1974, petitioner began taking classes towards a Ph.D. degree in zoology at the university. The university employed petitioner as a teaching assistant during 1977. One year of teaching as a teaching assistant was a requirement of the Ph.D. program in zoology at the university. During 1977, petitioner devoted approximately 20 to 40 hours per week to his studies, 20 hours per week to his teaching duties, and 5 to 10 hours per week to Dolphin Enterprises. As a condition of his employment at the university, petitioner was required to enroll in classes totaling 9 credits each quarter. The courses taken by petitioner during 1977, consisting mostly of independent research, were applied towards petitioner's doctoral dissertation. Petitioner incurred expenses in the amount of $1,128 for tuition and education supplies with regard to these course. *128 2. Sailboat Depreciation
In 1970, petitioner purchased a one-half interest in a sailboat for $3,000. Petitioner used the sailboat solely for personal purposes until 1973, when he began using it for both personal and business purposes. Petitioner did not use the sailboat for any business purpose during 1977. Petitioner deducted the educational expenses incurred in 1977 on schedule C of his return as a business expense of Dolphin Enterprises. Respondent determined that $150 of the amount deducted was properly deductible as an expense of Dolphin Enterprises and that the remaining $978 was nondeductible. Petitioner also claimed $187 as a depreciation deduction on his sailboat. Respondent disallowed this depreciation deduction. OPINION 1. Educational Expense
Section 162(a) [1]/ allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Generally, educational expenses are deductible as a business expense if the education maintains or improves skills required by the taxpayer in his employment or trade or business, or if it meets the express requirements of the taxpayer's employer *129 imposed as a condition to the taxpayer's retention of his job. Sec. 1.162-5(a)(1) and (2), Income Tax Regs. If, however, the education either is required to meet the minimum educational requirements for qualification in the taxpayer's employment, or is part of a program of study which will lead to qualifying the taxpayer in a new trade or business, then the educational expenses are nondeductible even though the education maintains or improves business skills or is required to retain employment. See sec. 1.162-5(b)(2) and (3), Income Tax Regs.Davis v. Commissioner,65 T.C. 1014, 1017-1020 (1976); Jungreis v. Commissioner,55 T.C. 581, 588-589 (1970). Respondent argues that petitioner has failed to show the nexus between petitioner's education and business activities. Respondent also observes that the minimum education required to be a full-time professor in the zoology department at the university is a Ph.D. Consequently, respondent contends that even if the education maintained or improved skills required *130 by petitioner in his Dolphin Enterprises activities, the educational expenses are not deductible because the education would qualify petitioner for a new trade or business. Petitioner, to the contrary, argues that the education maintained or improved skills required in his business activities conducted through Dolphin Enterprises. Petitioner further argues that the education did not qualify him for a new trade or business. He contends that he already was qualified to be a college professor because, as a holder of a master's degree, he had met the minimum educational requirements to be a full-time professor at a community college in the State of Washington. We agree with respondent that petitioner has failed to show how the courses taken by petitioner maintained or improved skills required in his trade or business. Petitioner had not engaged in ecological consulting since 1974. Indeed, in 1977, he declined to accept an offer from the National Oceanographic and Atmospheric Administration to bid for an ecological studies project. As indicated by our Findings, by 1977 petitioner's activities primarily involved his studies and teaching. The small amount of time that petitioner *131 devoted to Dolphin Enterprises was related solely to the reprinting activities. Respondent determined that $150 of the educational expenses incurred by petitioner in 1977 maintained or improved skills required by petitioner in his business activities. It is true some of the expenses disallowed by respondent may have been incurred for courses which maintained or improved skills required by petitioner in his reprinting business. Nevertheless, petitioner testified only that he was majoring in zoology, and that the majority of the credits which he took in 1977 consisted of independent research courses. He could not recall, and introduced no other evidence, on the specific subject matter of the courses taken during 1977 or how they related to his business activities. Consequently, we conclude that petitioner has failed to prove that his educational expenses, other than those allowed by respondent, were incurred to maintain or improve skills in petitioner's reprinting business. At trial, petitioner advanced an alternative argument that the educational expenses are deductible because the education was required by the university as a condition to the retention of his teaching assistant *132 position. Assuming, arguendo, that the educational expenses would be deductible on that basis, they would be itemized rather than subtracted from gross income on schedule C. See secs. 62(2) and 63. [2]/ Petitioner, however, has failed to show that his itemized deductions would have exceeded the standard deduction which he claimed that year. Accordingly, petitioner is not entitled to an educational expense deduction in excess of that allowed by respondent. [3] / 2. Sailboat Depreciation
Section 167 provides a depreciation deduction for property used in a trade or business or property held *133 for the production of income. It is clear that, under section 167(a), petitioner is entitled to deduct the portion of depreciation attributable to the business use of his sailboat. No deduction, however, is allowable for depreciation to the extent that the sailboat was used for personal purposes. See sec. 262; [4]/ Henry Schwartz Corp. v. Commissioner, 60 T.C. 728, 744 (1973). Petitioner began using his sailboat for business purposes in 1973.Petitioner testified, however, that the sole use of the boat in 1977 was personal. Therefore, no depreciation may be taken on the sailboat for 1977. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. /↩ The trade or business deductions allowable to an employee in computing adjusted gross income are enumerated in sec. 62(2), and that enumeration does not include educational expenses. Under sec. 63, which defines taxable income, educational expense deductions may be allowable as itemized deductions if such deductions exceed the standard deduction. 3. / Because of our holding, we do not reach the issue of whether the courses taken by petitioner in 1977 in pursuit of his Ph.D. were part of a program of study leading to qualification in a new trade or business.↩
4. / SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩